UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**SEBERT J. MAXWELL, III,**

    **Movant,**

v.                                            **Case No. 2:16-cv-04906**
                                              **Case No. 2:07-cr-00228-1**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 54). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## RELEVANT PROCEDURAL HISTORY

On December 6, 2007, the United States of America filed an Information charging Sebert Junior Maxwell, III (hereinafter "Defendant") with one count of knowingly and intentionally possessing with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1). (ECF No. 1). On January 17, 2008, Defendant waived indictment, and entered a guilty plea, pursuant to a written plea agreement, to the count in the Information. (ECF Nos. 5-7). During the plea hearing, the presiding District Judge also found that Defendant violated a prior term of supervised release.

On April 30, 2008, Defendant was sentenced to 151 months in prison on his offense of conviction and a consecutive 6-month sentence on his supervised release revocation. (ECF No. 14 at 2). Defendant's sentencing guideline calculation included an enhancement under section 4B1.1 of the United States Sentencing Guidelines ("USSG") for being a career offender, because he had at least two prior felony controlled substance offenses. The career offender enhancement increased Defendant's guideline level to a 32 (before a three-level reduction for acceptance of responsibility), and his criminal history category to a VI. Defendant did not object to the finding that he was a career offender at that time.

Defendant unsuccessfully appealed his sentence to the United States Court of Appeals for the Fourth Circuit. *United States v. Maxwell*, No. 08-4579, 300 F. App'x 201 (Nov. 18, 2008). His appeal included a challenge to the career offender enhancement. He did not file a petition for a writ of certiorari in the United States Supreme Court. Defendant also previously filed an unsuccessful Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("first section 2255 motion"). Mem. Op. and Order, *Maxwell v. United States*, No. 2:09-cv-01039 (Feb. 17, 2010). (ECF Nos. 38 and 39). He did not appeal that decision.

On May 31, 2016, Defendant filed the instant section 2255 motion ("second section 2255 motion"). (ECF No. 54). The second section 2255 motion asserts that Defendant is entitled to relief under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague and further finding that imposition of an increased sentence thereunder violates due process.[1] Defendant,

---

[1] The ACCA provides for a sentencing enhancement for a felon possessing a firearm or ammunition when the defendant has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. §§

2

however, was not sentenced under the ACCA, and the Supreme Court and Fourth Circuit have held that *Johnson* is not applicable to the United States Sentencing Guidelines.

Because it is evident that Defendant is not entitled to any relief on his second section 2255 motion, the undersigned has not ordered a response by the United States of America.

## ANALYSIS

The court can quickly dispose of Defendant's claim that he is entitled to relief under the Supreme Court's decision in *Johnson*. Defendant argues that the decision in *Johnson* also invalidates the residual clause contained in USSG § 4B1.2(a)(2), which is used to determine whether a prior conviction is a "crime of violence" for the purpose of the career offender enhancement. However, that issue has been foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017).

In *Beckles*, the Supreme Court examined the constitutionality of the career offender guideline's residual clause in light of *Johnson* and determined that it was not unconstitutionally vague, explaining that "[u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences." *Id.* at 892. Instead, the Court found that the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* Thus, the Court found that "the

---

922(g)(1) and 924(e)(1). The ACCA defines a "violent felony" as a crime punishable … by imprisonment for a term exceeding one year … that

> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)   is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>

18 U.S.C. § 924(e)(2)(B) (Emphasis added). Subsection (i) is known as the "elements" or "force" clause. The first part of subsection (ii) is known as the "enumerated offense" clause. The emphasized portion of subsection (ii) is known as the "residual" clause.

3

Guidelines are not subject to a vagueness challenge under the Due Process clause" and "[t]he residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Id.*

In light of *Beckles*, any argument that the holding in *Johnson* also invalidates the residual clause of the career offender guideline is without merit. *See also United States v. Brown*, 868 F.3d 297 (4th Cir. Aug. 21, 2017) (*Beckles* forecloses argument that *Johnson* invalidates all residual clauses with wording similar to ACCA's invalidated residual clause). Furthermore, Defendant's predicate offenses for his career offender enhancement were two felony controlled substance offenses, which are defined in USSG § 4B1.2(b), which does not contain a residual clause, and is, thus, unaffected by the *Johnson* decision. Therefore, *Johnson* is wholly inapplicable to Defendant's case.

Moreover, even if Defendant could properly invoke *Johnson* in aid of relief herein, this court lacks jurisdiction to consider his claim because it is brought in a second or successive section 2255 motion, which Defendant has not been authorized to file. Pursuant to 28 U.S.C. § 2255(h), "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." *See also In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999).

To obtain certification from the Court of Appeals, the Movant must demonstrate that the Motion contains:

> (1)  newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
>
> (2)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

4

*Id.* Movant has failed to allege or demonstrate that he has obtained the necessary authorization from the United States Court of Appeals for the Fourth Circuit Court for his successive motion.

## RECOMMENDATION

For all of the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 54) and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*,

727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant, and to transmit a copy to counsel of record.

<u>June 19, 2018</u>

Dwane L. Tinsley
United States Magistrate Judge